UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                            Plaintiff,

                                                                  DECISION AND ORDER

                                                                  05-CR-6041L

              v.

JAMES ANDRE CLARK,

                            Defendant.
_____

      Defendant, James Andre Clark ("Clark"), was convicted after trial of a narcotics conspiracy charge and an firearms offense. He was sentenced to an aggregate term of 204 months imprisonment, that is, 144 months on the conspiracy charge and a consecutive 60 month sentence on the firearms offense.

      Clark appealed to the Second Circuit challenging the sufficiency of the evidence and other matters. The Second Circuit affirmed the conviction on April 6, 2009.[1]

      Clark now moves to vacate the judgment and sentence pursuant to 28 U.S.C. § 2255 on the grounds that his attorney provided ineffective assistance of counsel. Having reviewed all the papers filed on the motion and being familiar with the record, I find that Clark has failed to establish that he received ineffective assistance of counsel and, therefore, deny the motion.

      Clark has the burden of showing that he is entitled to relief. The United States Supreme Court has established standards for determining ineffective assistance of counsel. In *Strickland v.*

---

[1] In its original decision, the Second Circuit remanded under authority of *United States v. Williams,* 558 F.3d 166, which held that 18 U.S.C. § 924(c) does not mandate a consecutive mandatory minimum sentence. However, based on subsequent, contrary authority from the United States Supreme Court in *Abbott v. United States,* 131 S. Ct. 18 (2010), *Williams* was in effect overruled and, therefore, the Second Circuit withdrew its mandate requiring a remand for resentencing.

*Washington,* 466 U.S. 668 (1984), the Supreme Court established a two-prong test. Defendant must establish that counsel's performance was deficient as measured by an objective standard and that that deficiency prejudiced his case and defense.

There is a strong presumption that counsel's performance was proper in light of all the circumstances. The motion is not meant to second guess trial strategy and counsel should be afforded wide latitude in the conduct of the trial.

Clark has raised a laundry list of matters that occurred prior to, during and subsequent to the trial, which he contends constitutes ineffective assistance of counsel. Having reviewed all of the claims, I do not believe that any of them, whether considered separately or together, constitute deficient performance. In my view, having presided over the trial, counsel provided vigorous and professional representation. Some of Clark's claims can be dismissed out of hand because what Clark claims his counsel failed to do was, in fact, done by counsel. For example, Clark claims that his counsel failed to challenge the search warrant that was issued. A careful review of the record, though, establishes that defense counsel filed a motion to suppress evidence, argued it vigorously, and filed Objections to the United States Magistrate Judge's Report and Recommendation. There is no basis of finding deficient performance on that score.

Clark challenges his counsel's performance at trial, as well. He claims that his attorney failed to take steps to counter the Government's proof that Clark was involved in the narcotics conspiracy. However, the record does not support that claimed deficiency. Even a cursory review of the opening and closing arguments of counsel, as well as his cross-examination of witnesses, demonstrates that counsel repeatedly emphasized his view that there was insufficient evidence to tie Clark to the drug conspiracy. Counsel vigorously challenged the several witnesses, Jeffrey Smith, James Missal, and Torrence Dyck, who testified against Clark on the grounds they all had a motivation to testify falsely to curry favor with the Government. The fact that the jury apparently chose to believe some of the testimony of these witnesses hardly constitutes ineffective assistance of trial counsel.

Clark also challenges his lawyer's decision not to call one witness, Jeremiah T. Williams. Clark contends that that witness might have discredited other testimony. However, as the Government points out in its Response (Dkt. #97), p. 23, the decision not to call Williams certainly constitutes sound trial strategy since Williams had previously testified before the Federal Grand Jury that resulted in Clark's indictment. Furthermore, there is no suggestion now by Clark that anything Williams might have said would have seriously impacted the testimony of other witnesses who squarely put Clark in the drug conspiracy.

The other challenges to the attorney's performance warrant little discussion. For example, Clark claims that the witnesses Smith and Campbell should have been challenged as to their testimony concerning drug amounts. It is clear, though, that defense counsel did vigorously cross-examine these witnesses and urged the jury to discredit anything those witnesses said. This tact was forcefully advanced not only during the examination of the witnesses but in closing argument as well.

Clark's counsel is also challenged for failing to object to comments of the prosecutor in closing arguments and in failing to object when the Court answered a jury's question concerning deliberations. There is no ineffective assistance of counsel here. Both those claims were addressed by the Second Circuit when it affirmed Clark's conviction. That Court found no error and, therefore, counsel cannot be faulted for pursing matters that the Circuit found appropriate and not prejudicial to the defendant.

Clark also has turned on his appellate counsel as well claiming that other arguments should have been made. Defendant's appellate counsel raised numerous issues before the Second Circuit. Just because some issues, deemed to be meritless, were not advanced, does not constitute ineffective assistance of appellate counsel. Many matters were presented to the Second Circuit and that Court found none that warranted reversing the conviction.

## CONCLUSION

The motion of defendant James Andre Clark to vacate, set aside or correct the judgment and sentence, pursuant to 28 U.S.C. § 2255 is denied.

Because defendant has failed to raise a substantial issue of a denial of a constitutional right, I deny a certificate of appealability.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       October 30, 2012.